This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.

**IT IS SO ORDERED.**



**Dated: September 8, 2025**

Tiffany Strelow Cobb
United States Bankruptcy Judge

_____

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| *In re*: | : | Case No. 25-53781 |
| | : | |
| East Ohio Hospital LLC, | : | Chapter 7 |
| | : | |
| *Alleged Debtor*. | : | Judge Cobb |

### ORDER TO SHOW CAUSE WHY A PATIENT-CARE OMBUDSMAN SHOULD NOT BE APPOINTED

This matter is before the Court sua sponte. On August 28, 2025 ("Petition Date"), Heather Shields, Kayla Kellogg, and Shawn Core ("Petitioning Creditors") filed an involuntary petition for relief under chapter 7 of the Bankruptcy Code ("Petition") against East Ohio Hospital LLC ("East Ohio"). Docs. 1 & 14.[1] The next day, the Court held an emergency hearing on the Petitioning Creditors' motion to appoint an interim trustee pursuant to § 303(g) of the Bankruptcy Code. Based on the evidence adduced at that hearing, the Court directed the United States Trustee ("UST") to appoint an interim trustee under § 701 of the Bankruptcy Code, Doc. 11, and the UST

---

[1] The Petitioning Creditors initially designated this case as a chapter 11 case but amended the Petition to designate it as a chapter 7 case.

did so on September 3, 2025, appointing Christal Caudill as the interim trustee ("Interim Trustee"), Doc. 19.

The Petitioning Creditors checked the box on the Petition designating East Ohio as a "health care business" within the meaning of § 101(27A) of the Bankruptcy Code. Doc. 14 at 2. The Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule(s)") provide that, if the petition designates the debtor as a health care business, then "the case must proceed in accordance with that designation unless the court orders otherwise." Bankruptcy Rule 1021(a).

One way in which the chapter 7 case of a health care business may "proceed" involves the appointment of a patient-care ombudsman. The Bankruptcy Code says:

> If the debtor in a case under chapter 7, 9, or 11 is a health care business, the court shall order, not later than 30 days after the commencement of the case, the appointment of an ombudsman to monitor the quality of patient care and to represent the interests of the patients of the health care business unless the court finds that the appointment of such ombudsman is not necessary for the protection of patients under the specific facts of the case.

11 U.S.C. § 333(a)(1).

And the Bankruptcy Rules provide:

> In a Chapter 7, 9, or 11 case in which the debtor is a health care business, the court must order the appointment of a patient-care ombudsman under § 333—unless the court, on motion of the United States trustee or a party in interest, finds that appointing one is not necessary to protect patients. The motion must be filed within 21 days after the case was commenced or at another time set by the court.

Bankruptcy Rule 2007.2(a).

So, unless the Court finds that the appointment of a patient-care ombudsman is unnecessary to protect patients under the specific facts of East Ohio's case, or unless the Court finds that East

Ohio is not a health care business, then the Court, no later than 30 days after the Petition Date, must issue an order directing the UST to appoint an ombudsman.

Accordingly, it is **ORDERED** that East Ohio, the Petitioning Creditors, the UST, the Interim Trustee, Belmont Savings Bank, and all other parties in interest shall have until and including **September 18, 2025** to file (1) a motion pursuant to Bankruptcy Rule 1021(b) for an order determining whether the debtor is a health care business and/or (2) a motion pursuant to Bankruptcy Rule 2007.2(a) for an order finding that appointing a patient-care ombudsman is unnecessary to protect patients under the specific facts of East Ohio's case. If no such motions are filed, then the Court will order the UST to appoint a patient-care ombudsman for East Ohio. If any such motion is filed, then the Court, in order to determine whether East Ohio is a health care business and whether the appointment of an ombudsman is necessary to protect patients, will hold an evidentiary hearing on **September 22, 2025 at 10:00 a.m.** in Courtroom A, United States Bankruptcy Court, 170 N. High Street, Columbus, OH 43215. Any party wishing to present evidence shall file witness and exhibit lists, exchange exhibits, and file any stipulations of fact on or before **September 18, 2025**.

Within one business day after the entry of this Order, counsel for the Petitioning Creditors shall serve the Order on East Ohio, the Petitioning Creditors, the UST, the Interim Trustee, and Belmont Savings Bank and shall file a certificate of service evidencing compliance with this requirement.

**IT IS SO ORDERED.**

Copies to:

Default List

United States Bankruptcy Court
Southern District of Ohio

In re:  Case No. 25-53781-tsc
East Ohio Hospital LLC  Chapter 7
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0648-2     User: ad     Page 1 of 2
Date Rcvd: Sep 08, 2025     Form ID: pdf01     Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 10, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | East Ohio Hospital LLC, 90 North 4th Street, Martins Ferry, OH 43935-1648 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 10, 2025     Signature:     /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 8, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Asst US Trustee (Col) | ustpregion09.cb.ecf@usdoj.gov |
| Christal L Caudill | trusteepleadings@caudill-law.com  ccaudill@ecf.axosfs.com |
| Christopher P Kennedy | on behalf of Creditor The Huntington National Bank bankruptcy@carlisle-law.com |
| Laura Atack | on behalf of U.S. Trustee Asst US Trustee (Col) laura.atack@usdoj.gov |
| Pamela Arndt | on behalf of U.S. Trustee Asst US Trustee (Col) Pamela.D.Arndt@usdoj.gov |
| Patrick W Carothers | on behalf of Petitioning Creditor Shawn Core pcarothers@ch-legal.com  ghauswirth@ch-legal.com;kclem@ch-legal.com |

District/off: 0648-2 | User: ad | Page 2 of 2
Date Rcvd: Sep 08, 2025 | Form ID: pdf01 | Total Noticed: 1

Patrick W Carothers
    on behalf of Petitioning Creditor Kayla Kellogg pcarothers@ch-legal.com  ghauswirth@ch-legal.com;kclem@ch-legal.com

Patrick W Carothers
    on behalf of Petitioning Creditor Heather Shields pcarothers@ch-legal.com  ghauswirth@ch-legal.com;kclem@ch-legal.com

Robert E DeRose, II
    on behalf of Petitioning Creditor Shawn Core bderose@barkanmeizlish.com
    rhandelman@barkanmeizlish.com;kdyer@barkanmeizlish.com;cjevrem@barkanmeizlish.com;mstevens@barkanmeizlish.com

Robert E DeRose, II
    on behalf of Petitioning Creditor Kayla Kellogg bderose@barkanmeizlish.com
    rhandelman@barkanmeizlish.com;kdyer@barkanmeizlish.com;cjevrem@barkanmeizlish.com;mstevens@barkanmeizlish.com

Robert E DeRose, II
    on behalf of Petitioning Creditor Heather Shields bderose@barkanmeizlish.com
    rhandelman@barkanmeizlish.com;kdyer@barkanmeizlish.com;cjevrem@barkanmeizlish.com;mstevens@barkanmeizlish.com

TOTAL: 11