**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



Tiffany Strelow Cobb
United States Bankruptcy Judge

**Dated: September 24, 2025**

_____

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| In re: ) | |
| ) | Case No. 25-53781 |
| East Ohio Hospital, LLC, ) | Chapter 7 (Involuntary) |
| ) | Judge Strelow Cobb |
| *Debtor*. ) | |
| ) | |

**ORDER ON UNITED STATES TRUSTEE'S MOTION FOR ORDER DETERMINING DEBTOR IS NOT A HEALTH CARE BUSINESS PURSUANT TO 11 U.S.C. § 101(27A), OR IN THE ALTERNATIVE FINDING APPOINTMENT OF A PATIENT CARE OMBUDSMAN PREMATURE**

This matter is before the Court on the motion ("Motion") (Doc. 28) of the United States Trustee ("UST") for an order: (1) determining that East Ohio Hospital LLC ("Debtor") is not a health care business within the meaning of § 101(27A) of the Bankruptcy Code or, in the alternative, finding that the appointment of a patient care ombudsman ("PCO") is premature; and (2) requiring the Debtor to secure the building ("Building") that contains its paper and electronic patient records and accounts receivable records ("Records") no later than five days after the issuance of an order requiring it to do so. The Court held a hearing on the Motion on Monday,

September 22, 2025 at 10:00 a.m.  Present were Edward H. Cahill, Assistant United States Trustee, Pamela D. Arndt, Trial Attorney for the UST, and Interim Trustee Christal Caudill ("Interim Trustee").  No other party or representative appeared, in person or by remote/virtual means.

The UST offered Exhibit 1 of its Motion into evidence without objection.  The Interim Trustee also gave testimony as to her findings since this involuntary case was filed.  The evidence presented showed that:

1. The Debtor has no patients;
2. The Debtor does not own the Building, which is located at 90 North 4th Street, Martins Ferry, Ohio and was where the East Ohio Regional Hospital formerly was operating;
3. The Building contains an estimated 10,000 or more Records in paper or hardcopy form;
4. The Building contains one or more servers with Records;
5. The Records are necessary for medical billing on outstanding accounts receivable;
6. The cost of securing the Records exceeds the Debtor's funds on hand; and
7. The cost of turning the Records into support documents necessary for medical billing on outstanding accounts receivable exceeds the Debtor's funds on hand.

Accordingly, the Court finds that the UST and the Interim Trustee provided sufficient evidence to show that a PCO is not currently necessary for the protection of patients and therefore declines to order the UST to appoint a PCO.  Specifically, although the Debtor could conceivably begin patient care operations at some point in the future (whether at the Building or, given the testimony about its current state of disrepair, an alternate location), the lack of patients to care for currently renders the appointment of a PCO unnecessary at this time.  Were this Court to be presented with facts in the future showing that a PCO is then necessary for the protection of

patients, the Court would have authority under Bankruptcy Rule 2007.2(b) to order appointment of a PCO at that time.

The Court's Order appointing the Interim Trustee under 11 U.S.C. §303(g) ("Appointment Order") (Doc. 11) specifically directed her to perform the duties contained in § 704. Sections § 704(a)(1) and (2) of the Bankruptcy Code require a trustee to collect and reduce estate property to money, and to be accountable for all property received. Testimony at the hearing showed that the Records are estate property and that the Records are necessary to bill the outstanding accounts receivable. Because the Records are estate property intrinsic to billing the accounts receivable, care, custody, and control of the Records fall within the scope of the trustee's duties under § 704. Based on the evidence adduced during the Hearing, the Court finds that some or all of the Records contain protected health information (PHI). The Court further finds that the Motion seeking an order requiring Debtor to secure the Building to address the security of the Records constitutes a request to modify (to the extent necessary) the Appointment Order to clarify that the duties under applicable law to (1) secure medical records and any other records such as the Records containing PHI, and (2) otherwise secure property of the estate, are *not* duties imposed on the Interim Trustee and instead solely remain the obligations of the Debtor and, as applicable, the Debtor's officers and directors.

It is therefore **ORDERED** that appointing a PCO is currently unnecessary for the protection of patients under the specific facts of the Debtor's case, but that a ruling on whether the Debtor is a health care business is hereby deferred.

It is further **ORDERED** that the Appointment Order is modified to clarify that the Interim Trustee does not have the duty to secure the Records (as well as having no duty to secure the Building owned by a non-debtor), but that it remains the sole obligation of the Debtor and, as

applicable, the Debtor's officers and directors, to comply with applicable state and federal law to secure the Records and other property of the estate. To the extent permitted under § 105(a) of the Bankruptcy Code, the Court hereby orders the Debtor and its officers and directors to comply with that obligation. Debtor is further required under § 521(a)(3) to cooperate with the Interim Trustee. Accordingly, Debtor is directed to report to the Interim Trustee on or before five (5) business days after the entry of this Order as to the status of Debtor's securing of the Records and other property of the estate as required under applicable law.

It is further **ORDERED**, that, for the avoidance of doubt, nothing contained herein shall affect or impair the right of any applicable party in interest to pursue (1) criminal actions or proceedings as permitted under § 362(b)(1) and/or (2) police and regulatory power enforcement permitted under § 362(b)(4) to enforce non-bankruptcy law to ensure that the Records containing PHI are secured, including, without limitation, Section 3798.03 of the Ohio Revised Code and provisions relating to criminal liability under the Health Insurance Portability and Accountability Act of 1996.

**IT IS SO ORDERED.**

Submitted by:

Copies to: All Creditors and Parties in Interest

East Ohio Hospital LLC
c/o Hanlon Schramm LP, Registered Agent
46457 National Rd
Saint Clairsville, OH 43950

East Ohio Hospital LLC
c/o Harold Ramsey
90 North 4th Street
Martins Ferry, OH 43935

East Ohio Hospital LLC
c/o Harold Ramsey
570 Barnett Place
Ridgewood, NJ 07450

East Ohio Hospital LLC
c/o 360 Healthcare LLC
Kyanna Wilmer, Registered Agent
5272 Sabine Hall
New Albany, OH 43054

U.S. Department of Health and Human Services,
Office for Civil Rights
200 Independence Avenue, S.W.
Room 509F HHH Bldg.
Washington, D.C. 20201

The Hon. Mike DeWine,
Governor of Ohio
Riffe Center, 30th Floor,
77 South High St.
Columbus, OH 43215-6117

The Hon. Dave Yost
Attorney General of Ohio
101 E. Broad Street,
Columbus, OH 43215

The Hon. Dave Yost
Attorney General of Ohio
30 E. Broad Street,
Columbus, OH 43215